UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C HAYES,

                    Plaintiff,

          v.

STATE OF WASHINGTON,
DEPARTMENT OF CORRECTIONS,
DAN PACHOLKE, JANE DOES,
JOHN DOES, ELIZABETH SUITER,
JEFFERY UTTECHT, SARA SMITH,
DAVIS, REYES, EDWARDS,

                    Defendants.

CASE NO. 3:16-CV-05095-BHS-DWC

ORDER TO SHOW CAUSE OR
AMEND

Plaintiff Donald C. Hayes, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by April 22, 2016, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"), alleges his Eighth Amendment rights to adequate medical care were violated while housed at SCCC and Coyote Ridge Corrections Center ("CRCC"). Dkt. 10. Plaintiff contends he was

1   incarcerated at CRCC beginning in 2011 with chronic wounds. *Id.* at p. 11. He alleges he did not

2   receive proper care for his chronic wounds or for his drug addiction while housed at CRCC. *Id.*

3   at pp. 11-22. Plaintiff states he was released from CRCC on February 14, 2013. *Id.* at p. 22. After

4   his release, Plaintiff was apprehended on June 20, 2013. *Id.* at p. 23. Plaintiff was incarcerated at

5   SCCC on February 27, 2014, where he alleges he again received inadequate medical care for his

6   chronic wounds. *Id.* at pp. 24-38.

7                                   **DISCUSSION**

8        Under the Prison Litigation Reform Act of 1995, the Court is required to screen

9   complaints brought by prisoners seeking relief against a governmental entity or officer or

10   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

11   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

12   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

13   who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

14   152 F.3d 1193 (9th Cir. 1998).

15        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

16   suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

17   the violation was proximately caused by a person acting under color of state law. *See Crumpton*

18   *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

19   identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

20   (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

21   named defendants caused, or personally participated in causing, the harm alleged in the

22   complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

23

24

1    Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an

2    amended complaint.

3    **A.    Statute of Limitations**

4    In his Complaint, Plaintiff alleges claims beginning in July of 2011 while housed at

5    CRCC. Dkt. 10. A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983,

6    contains no statute of limitations. "Thus, the federal courts [ ] apply the applicable period of

7    limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654

8    F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations

9    period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of

10   limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* RCW 4.16.080(2).

11   The Court also applies the forum state's law regarding equitable tolling for actions

12   arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts

13   permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).

14   "The predicates for equitable tolling are bad faith, deception, or false assurances by the

15   defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable

16   tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable

17   neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

18   Although the statute of limitations is an affirmative defense which normally may not be

19   raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma*

20   *pauperis* complaint where the defense is complete and obvious from the face of the pleadings or

21   the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

22   Plaintiff alleges he did not receive adequate care for his chronic wounds and his drug

23   addiction while he was housed at CRCC beginning on July 21, 2011. Dkt. 10, pp. 12-22. Thus,

24

1   Plaintiff had actual notice of the facts relating to the CRCC claims in July of 2011. *See id.*;

2   *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or

3   has reason to know of the injury which is the basis of the action). The time for filing the

4   Complaint regarding this claim therefore expired on July 21, 2014. Plaintiff signed--effectively

5   filing--this Complaint on February 8, 2016, more than eighteen months after the statute of

6   limitations ran.[1] Further, Plaintiff has failed to plead facts to support equitable tolling of this

7   claim. Plaintiff must show cause as to why the claims arising from Plaintiff's incarceration at

8   CRCC should not be dismissed based on the expiration of the statute of limitations.

9       **B.      Eighth Amendment**

10          Plaintiff alleges he received inadequate medical care. Dkt. 10. Deliberate indifference to

11   serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain."

12   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*,

13   503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the

14   seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that

15   need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by*

16   *WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

17          A medical need is serious "if the failure to treat the prisoner's condition could result in

18   further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974

19   F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable

20   doctor or patient would find important and worthy of comment or treatment; the presence of a

21   medical condition that significantly affects an individual's daily activities; or the existence of

22   _____

23      [1] Reading the Complaint in the light most favorable to Plaintiff, Plaintiff alleged Eighth Amendment
    violations occurred at CRCC as late as December of 2012 or January of 2013. *Id.* at pp. 20-21. Therefore, the statute
    of limitations regarding the last possible CRCC claims expired in January of 2016, and Plaintiff did not execute his
24   Complaint until February 8, 2016, which was after the limitations period expired.

1  chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for

2  medical treatment." *Id.* at 1059-1060.

3       If a plaintiff shows he suffered from a serious medical need, he must then show the

4  prison officials responded to the need with deliberate indifference. *See Farmer v. Brennan*, 511

5  U.S. 825, 834 (1970). Deliberate indifference to a prisoner's serious medical need requires "a

6  purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In

7  other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or

8  possible medical need." *Id*. A prison official, accordingly, will not be found deliberately

9  indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an

10 excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be

11 aware of facts from which the inference could be drawn that a substantial risk of serious harm

12 exists, and he must also draw the inference." *Id.*

13      Plaintiff has provided a detailed factual description of the events surrounding

14 Defendants' alleged failure to provide adequate care for Plaintiff's chronic wounds. *See* Dkt. 10.

15 However, Plaintiff's allegations are vague and conclusory. For instance, Plaintiff alleges

16 Defendant Nurse Edwards did not have time to change his dressing, but does not explain how

17 Defendant Edwards's actions rise to deliberate indifference. *See id*. at p. 27, ¶ 83. Plaintiff also

18 contends Defendant Bernard Warner received a letter from Plaintiff explaining his complaints,

19 but Defendant Warner refused to take action. *Id.* at p. 29, ¶ 91. Plaintiff does not show Defendant

20 Warner actually received Plaintiff's letter and had personal knowledge of Plaintiff's serious

21 medical need, nor explain what actions Defendant Warner failed to take which rose to deliberate

22 indifference. *Id.* Additionally, Plaintiff contends Defendant Dr. Sara Smith refused to treat

23 Plaintiff's wounds and manage Plaintiff's pain, but states he never spoke with Defendant Smith

24

1   and she has not examined Plaintiff's wounds. *Id.* at p. 31, ¶ 98. Plaintiff fails to allege facts

2   showing Defendant Smith knew of and disregarded an excessive risk to Plaintiff's health.[2]

3          While Plaintiff has alleged a myriad of facts surrounding his alleged lack of treatment for

4   his wound care, his Complaint fails to draw the necessary connection between Defendants'

5   knowledge and action and the alleged constitutional violations. Plaintiff must provide more than

6   an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

7   662, 678 (2009). Therefore, Plaintiff must explain in a short, plain statement exactly what each

8   Defendant did or failed to do and how those actions violated Plaintiff's Eighth Amendment

9   rights.

10   **C.**    **Supervisory Liability**

11          Plaintiff alleges several Defendants (Jeffery Uttecht, Bernard Warner, Scott Frakes, and

12   Dan Pacholke) are liable because they are in some type of supervisory position or position of

13   responsibility. *See* Dkt. 10, pp. 6-8. Section 1983 supervisory liability cannot be based on

14   *respondeat superior. See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691

15   (1978). A § 1983 action may not be brought against a supervisor on a theory that the supervisor

16   is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325

17   (1981). Further, to state a claim against any individual Defendant, Plaintiff must allege facts

18   showing the individual Defendant participated in or directed the alleged violation, or knew of the

19   violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

20   1998), cert. denied, 525 U.S. 1154 (1999). Because vicarious liability is inapplicable to a § 1983

21

22

---

23       [2] The Court is providing Plaintiff with examples of vague, conclusory allegations in the Complaint. The

examples do not provide an exhaustive list and Plaintiff should not assume he has successfully pled a claim against a

24   Defendant even if the Defendant is not specifically named in this section of this Order.

1  suit, Plaintiff must plead each Defendant, through his or her own individual actions, has violated

2  Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3         Plaintiff has failed to allege facts showing Defendants Uttecht, Warner, Frakes, and

4  Pacholke participated in or directed subordinates to commit the alleged violations. Plaintiff must

5  allege in specific terms how these four Defendants harmed him and how those harms violated a

6  specific constitutional right.

7      **D.      Improper Defendants**

8         Plaintiff names the Washington State Department of Corrections ("DOC") as a

9  Defendant. Dkt. 10, pp. 1, 34-35. Section 1983 applies to the actions of "persons" acting under

10 the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for

11 purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S.

12 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its

13 Eleventh Amendment immunity in federal courts. Therefore, the DOC is a state agency which

14 cannot be sued under § 1983, and should not be named as a defendant in an amended complaint.

15        Plaintiff identifies "Jane, John Does et al." as Defendants in this action. The use of "John

16 Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

17 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the

18 identity of unknown defendants through discovery, the use of Doe defendants is problematic

19 because those persons cannot be served with process until they are identified by their real names.

20 If Plaintiff chooses to file an amended complaint, he shall attempt to provide the names of

21 Defendants identified as Jane/John Doe.

22

23

24

1   **E.      Joinder**

2          Plaintiff alleges his constitutional rights were violated while he was housed at CRCC and

3   SCCC. Dkt. 10. Unrelated claims against different defendants must be pursued in multiple

4   lawsuits.

5                    The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party
                     asserting a claim ... may join, [ ] as independent or as alternate
6                    claims, as many claims ... as the party has against an opposing
                     party.' Thus multiple claims against a single party are fine, but
7                    Claim A against Defendant 1 should not be joined with unrelated
                     Claim B against Defendant 2. Unrelated claims against different
8                    defendants belong in different suits, not only to prevent the sort of
                     morass [a multiple claim, multiple defendant] suit produce[s], but
9                    also to ensure that prisoners pay the required filing fees-for the
                     Prison Litigation Reform Act limits to 3 the number of frivolous
10                   suits or appeals that any prisoner may file without prepayment of
                     the required fees.

11   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U.S.C. § 1915(g)); *see also*

12   Fed.R.Civ.P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same

13   transaction requirements are satisfied). Also, an amended complaint may not change the nature

14   of a suit by alleging new, unrelated claims. *George,* 507 F.3d at 607 (no "buckshot" complaints).

15          Plaintiff is attempting to join two separate occurrences in this lawsuit. Plaintiff was

16   housed at CRCC beginning in 2011. *See* Dkt. 10, p. 12, ¶ 25. Plaintiff was released from the

17   custody of the Department of Corrections and CRCC on February 14, 2013. *Id*. at p. 22, ¶ 63. On

18   February 27, 2014, over one year later, Plaintiff arrived at SCCC after being apprehended on a

19   new charge. *Id*. at p. 24, ¶ 73. The only common fact between CRCC and SCCC is the fact

20   Plaintiff is requesting treatment for his chronic wounds. The claims do not involve the same

21   Defendants or the same correctional center. Therefore, if Plaintiff whishes to pursue claims

22   against both SCCC and CRCC, he should file an amended complaint regarding the events that

23   occurred at either SCCC or CRCC and file a separate cause of action regarding the events which

24

1   occurred at the other correctional center. The Court notes the claims against CRCC, as alleged,

2   are untimely and the proper venue for these claims appears to be the Eastern District of

3   Washington. *See* 28 U.S.C. § 1391(b).

4       **F.**   **Instructions to Plaintiff and Clerk**

5       If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

6   amended complaint alleging claims arising from actions occurring at SCCC or CRCC.[3] Within

7   the amended complaint, he must write a short, plain statement telling the Court: (1) the

8   constitutional right Plaintiff believes was violated; (2) the name of the person who violated the

9   right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the

10   individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific

11   injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362,

12   371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

13       Plaintiff shall present the amended complaint on the form provided by the Court. The

14   amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

15   and not a copy, it should contain the same case number, and it may not incorporate any part of

16   the original complaint by reference. The amended complaint will act as a complete substitute for

17   the original Complaint, and not as a supplement. The Court will screen the amended complaint to

18   determine whether it contains factual allegations linking each defendant to the alleged violations

19   of Plaintiff's rights. The Court will not authorize service of the amended complaint on any

20   defendant who is not specifically linked to the violation of Plaintiff's rights.

21

22

23   _____

24      [3] If Plaintiff wishes to pursue claims against a second correctional center, he must file a new § 1983 civil
rights lawsuit, including the payment of the filing fee or a motion to proceed *in forma pauperis*.

1    If Plaintiff fails to file an amended complaint or fails to adequately address the issues

2  raised herein on or before April 22, 2016, the undersigned will recommend dismissal of this

3  action as frivolous pursuant to 28 U.S.C. § 1915.

4    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

5  civil rights complaint and for service. The Clerk is further directed to send copies of this Order

6  and Pro Se Instruction Sheet to Plaintiff.

7    Dated this 23rd day of March, 2016.

8

9    David W. Christel
     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR AMEND - 10