1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
8                    AT TACOMA

9    DONALD C HAYES,

10                      Plaintiff,                CASE NO. 3:16-CV-05095-BHS-DWC

11          v.                                    ORDER DIRECTING PLAINTIFF TO
                                                  FILE AN AMENDED COMPLAINT
12   STATE OF WASHINGTON,
     DEPARTMENT OF CORRECTIONS,
13   DAN PACHOLKE, JANE DOES,
     JOHN DOES, ELIZABETH SUITER,
14   JEFFERY UTTECHT, SARA SMITH,
     DAVIS, REYES, EDWARDS,
15
                        Defendants.
16

17

18          Plaintiff Donald C. Hayes, proceeding *pro se* and *in forma pauperis*, filed this civil rights

     complaint under 42 U.S.C. § 1983. The District Court has referred this action to United States
19
     Magistrate Judge David W. Christel. Presently pending in this action is Plaintiff's "Motion to
20
     Submit 'New' Discovery 'Proposed'" ("Motion"). Dkt. 16. In his Motion, Plaintiff requests the
21
     Court to allow him to add new facts and new parties to his Amended Complaint under Federal
22
     Rule of Civil Procedure 15. *See id.* Therefore, the Court will treat Plaintiff's Motion as a Motion
23
     to Amend.
24

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

    (1) ***Amending as a Matter of Course***
        A party may amend its pleading once as a matter of course within:
        (A) 21 days after serving it, or
        (B) if the pleading is one to which a responsive pleading is required,
        21 days after service of a responsive pleading or 21 days after
        service of a motion under Rule 12(b), (e), or (f), whichever is
        earlier.

    (2) ***Other Amendments***
        In all other cases, a party may amend its pleading only with the
        opposing party's written consent or the court's leave.  The court
        should freely give leave when justice so requires.

As Plaintiff filed an Amended Complaint, he has amended his Complaint once as a matter of course and therefore cannot amend pursuant to Rule 15(a)(1). To amend his Amended Complaint, Plaintiff must have Defendants' written consent or the Court's leave. *See* Fed.R.Civ.P. 15(a)(2). Defendants have not provided written consent allowing Plaintiff to amend his Amended Complaint. In fact, Defendants have not yet filed an answer or other responsive pleading in this case. As Defendants have not filed an answer or other responsive pleading, the Court finds justice requires Plaintiff be allowed to amend his Amended Complaint. Accordingly, the Court grants Plaintiff leave to file a second amended complaint.

       Plaintiff has not attached a proposed second amended complaint to his Motion. To amend his Amended Complaint, Plaintiff must file his second amended complaint by no later than June 27, 2016. He must file the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Amended Complaint by reference. The second amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

1    The Court reminds Plaintiff, under Federal Rule of Civil Procedure 8, a complaint must

2    contain "a short and plain statement of the claim showing the pleader is entitled to relief," and

3    "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(e).

4    Within the second amended complaint, Plaintiff must write a short, plain statement telling the

5    Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who

6    violated the right; (3) exactly what the individual did or failed to do; (4) how the action or

7    inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5)

8    what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*,

9    423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

10    Plaintiff is instructed to file only the second amended complaint; he shall not file any

11    attachments to his second amended complaint.

12    If Plaintiff fails to file a second amended complaint by June 27, 2016, the Court will

13    proceed on Plaintiff's Amended Complaint.

14    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

15    civil rights complaint.

16    Dated this 26th day of May, 2016.

17

18    David W. Christel
      United States Magistrate Judge

19

20

21

22

23

24

ORDER DIRECTING PLAINTIFF TO FILE AN
AMENDED COMPLAINT - 3