UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C HAYES,

    Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, DAN PACHOLKE, JANE DOES, JOHN DOES, ELIZABETH SUITER, JEFFERY UTTECHT, SARA SMITH, DAVIS, REYES, EDWARDS,

    Defendants.

CASE NO. 3:16-CV-05095-BHS-DWC

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff Donald C. Hayes, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. The District Court has referred this action to United States Magistrate Judge David W. Christel. Presently pending in this action is Plaintiff's Motion to File Supplemental Complaint ("Motion to Amend") and Motion for Telephonic Hearing ("Motion for Hearing"). Dkt. 23, 24. After reviewing the Motions, the Court grants Plaintiff's Motion to Amend as follows: Plaintiff is allowed to include the additional defendant in his second amended

complaint, which must be filed with the Court by July 14, 2016. Plaintiff's Motion for Hearing is denied without prejudice.

**I.  Motion to Amend**

On May 26, 2016, the Court granted Plaintiff leave to file a second amended complaint. Dkt. 22. Plaintiff was ordered to file his second amended complaint by June 27, 2016. *Id.* On June 1, 2016, Plaintiff filed the Motion to Amend seeking to add a new defendant. Dkt. 23. Plaintiff did not attach a proposed second amended complaint to his Motion to Amend; rather, Plaintiff attached documents he would like add to his Amended Complaint. *See* Dkt. 23-2. Plaintiff cannot supplement his Amended Complaint. He must file a second amended complaint containing all claims for relief.

As Plaintiff has not yet filed his second amended complaint, the Court grants Plaintiff's Motion to Amend as follows: Plaintiff may file a second amended complaint including all new claims and defendants he wishes to add which are related to his original Complaint. To ensure Plaintiff has adequate time to amend his Amended Complaint, the time for filing the second amended complaint is extended to July 14, 2016.

Plaintiff is directed to file the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Amended Complaint by reference. The second amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court reminds Plaintiff, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," and

"[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Within the second amended complaint, Plaintiff must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff is instructed to file only the second amended complaint; he shall not file any attachments to his second amended complaint.

Plaintiff must file his second amended complaint by no later than July 14, 2016. If Plaintiff fails to file a second amended complaint by July 14, 2016, the Court will proceed on Plaintiff's Amended Complaint.

**II.     Motion for Hearing**

On May 10, 2016, the Court directed service of Plaintiff's Amended Complaint on the named Defendants. Dkt. 17. The Clerk's Office mailed the Amended Complaint and waiver of service forms to each Defendant. However, the mailing sent to Defendant Nurse Edwards was returned to the Court marked "No longer employed by [Department of Corrections]." Dkt. 20. The Court directed Plaintiff to provide a complete address for Defendant Edwards so the Court could attempt service by mail. Dkt. 21. On June 1, 2016, Plaintiff filed the Motion for Hearing requesting a hearing to review the location of Defendant Edwards and to be heard regarding the possible dismissal of Defendant Edwards if Plaintiff is unable to provide this Defendant's current location. Dkt. 24, 24-1.

1  At this time, the Court does not find a telephonic hearing necessary. Plaintiff may file a
2  written document with the Court explaining his efforts to obtain Defendant Edwards's address.
3  Plaintiff may also file a motion to voluntarily dismiss Defendant Edwards; he does not need to
4  orally move to dismiss Defendant Edwards. Accordingly, Plaintiff's Motion for a Hearing is
5  denied without prejudice.
6  Dated this 14th day of June, 2016.

David W. Christel
United States Magistrate Judge