UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD C HAYES,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, DAN PACHOLKE, JANE DOES, JOHN DOES, ELIZABETH SUITER, JEFFERY UTTECHT, SARA SMITH, DAVIS, REYES, EDWARDS, RICHARD MORGAN, BERNARD WARNER, SCOTT FRAKES, HAMMOND, TUAN DUONG,<br><br>   Defendants. | CASE NO. 3:16-CV-05095-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 29, 2016 |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Donald C. Hayes, proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this action on February 8, 2016. *See* Dkt. 1.

On May 10, 2016, the Court directed service of Plaintiff's Amended Complaint on the named Defendants. Dkt. 17. The Clerk's Office mailed the Amended Complaint and waiver of

REPORT AND RECOMMENDATION - 1

service forms to each Defendant. However, the mailing sent to Defendant Nurse Edwards was returned to the Court marked "No longer employed by [Department of Corrections]." Dkt. 20.

On May 26, 2016, Plaintiff was directed to provide the complete address for Defendant Nurse Edwards by June 27, 2016 so the Court could again attempt service by mail. Dkt. 21. The Court notified Plaintiff failure to provide a new address for Defendant Edwards would result in the Court recommending dismissal of Defendant Edwards from this action for failure to prosecute. *Id.*

Plaintiff has the general duty to prosecute his case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Further, a court cannot exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R .Civ. P. 4"). Thus, when an IFP plaintiff fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, it is appropriate for the Court to *sua sponte* dismiss the unserved defendant. *Walker*, 14 F.3d at 1421-22 (*quoting Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).

Plaintiff has not provided the Court with a current service address for Defendant Edwards or an explanation of why he is unable to comply with the Court's Order. Without a correct address for Defendant Edwards this Court cannot perfect service. Accordingly, the Court recommends Defendant Edwards be dismissed without prejudice from this action for Plaintiff's failure to prosecute.

1   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

2   Procedure, the parties shall have fourteen (14) days from service of this Report to file written

3   objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

4   objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

5   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 29,

6   2016, as noted in the caption.

7   Dated this 11th day of July, 2016.

*[signature]*

David W. Christel
United States Magistrate Judge