UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C HAYES,

    Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, DAN PACHOLKE, ELIZABETH SUITER, JEFFERY UTTECHT, SARA SMITH, DAVIS, REYES, BERNARD WARNER, SCOTT FRAKES, DR. HAMMOND, TUAN DUONG,

    Defendants.

CASE NO. 3:16-CV-05095-BHS-DWC

ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's Motion to Appoint Counsel ("Motion"). Dkt. 50. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a

district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, he states he is unable to afford counsel and his incarceration limits his ability to litigate this action, especially as it enters the discovery stage. Dkt. 50. Plaintiff alleges Defendants acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. *See* Dkt. 32. At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. *See* Dkt. 50. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court or shown he is likely to succeed on the merits of his case. Accordingly, Plaintiff's Motion is denied without prejudice.

Dated this 1st day of September, 2016.

David W. Christel
United States Magistrate Judge