UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C HAYES,

    Plaintiff,

v.

STATE OF WASHINGTON,
DEPARTMENT OF CORRECTIONS,
DAN PACHOLKE, JANE DOES,
JOHN DOES, ELIZABETH SUITER,
JEFFERY UTTECHT, SARA SMITH,
DAVIS, REYES, EDWARDS,

    Defendants.

CASE NO. 3:16-CV-05095-BHS-DWC

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff Donald C. Hayes, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Presently pending in this action is Plaintiff's "Motion to Submit 3rd Amended Complaint 'Verified'" ("Motion to Amend") and "Motion to Request Extended Brief" ("Motion for Overlength Brief"). Dkt. 78, 79.[1] The Motion to File Overlength Brief is granted. The Motion to Amend is granted as follows: Plaintiff is allowed to file an amended complaint raising the same claims as alleged in the Second Amended

---

[1] Also pending in this action are Defendants' Judgment on the Pleadings (Dkt. 61) and Plaintiff's Motion for Oral Argument (Dkt. 88), which are ready for the Court's consideration on November 4, 2016.

Complaint and adding only one new claim against Defendant Sara Smith. The amended complaint must be filed by November 25, 2016.

## I. Motion for Overlength Brief

Plaintiff filed a Motion for Overlength Brief seeking permission to file the twenty-five page Motion to Amend. Dkt. 78. The Court grants the Motion for Overlength Brief and considers the twenty-five page Motion to Amend.

## II. Motion to Amend (Dkt. 79)

On September 28, 2016, the Court granted Plaintiff's September 2, 2016 Motion to Amend. Dkt. 77. The Court directed Plaintiff to file a third amended complaint by no later than October 28, 2016. *Id*. On October 13, 2016, Plaintiff filed the Motion to Amend, which appears to be his third amended complaint. Dkt. 79. However, in the Motion to Amend, Plaintiff requests clarification of the Court's Orders,[2] stating he does not understand what the Court means when it states his amended complaint takes the place of his previously filed complaints. *Id*. at p. 19.

The Court clarifies the Orders as follows: Any amended pleading, including the third amended complaint, operates as a complete substitute for the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court will consider only the allegations, claims, and Defendants named in the most recent complaint. Currently, the operative complaint in this case is Plaintiff's Second Amended Complaint. *See* Dkt. 32. All claims alleged in Plaintiff's Complaint and First Amended Complaint will not be considered by the Court. If Plaintiff files a third amended complaint, the Second Amended Complaint will not be considered

---

[2] Plaintiff does not specify the Order to which he requests clarification, but the Court has notified Plaintiff his amended pleadings act as a complete substitute for the previously filed complaint in several Orders. *See* Dkt. 13, 22.

by the Court. Therefore, Plaintiff must rename all Defendants and must re-allege all factual allegations and claims he wishes to pursue in this action in the third amended complaint. He cannot rely on a previously filed complaint to state a claim against Defendants.

As it is unclear if Plaintiff included all claims in his Motion to Amend and third amended complaint, the Motion to Amend is granted as follows:

- Plaintiff may file a third amended complaint;
- Plaintiff must re-allege all claims he intends to pursue in this case in the third amended complaint;
- Plaintiff may add only the one new claim against Defendant Sara Smith (*see* Dkt. 77);
- Plaintiff may not allege new claims against any other named Defendants, but must restate all previously alleged claims against the named Defendants;
- Plaintiff may not name any new defendants;
- Plaintiff may remove any named Defendants; and
- Upon receipt of the third amended complaint, the third amended complaint will replace all previously filed complaints. The Court will not consider any claims, facts, or allegations contained in Plaintiff's Complaint, First Amended Complaint, or Second Amended Complaint.

The amended complaint must be filed by November 25, 2016.

The Court reminds Plaintiff, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Within the third amended complaint, Plaintiff must write a short, plain statement telling the

1  Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who
2  violated the right; (3) exactly what the individual did or failed to do; (4) how the action or
3  inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5)
4  what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*,
5  423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).
6      Plaintiff is instructed to file only the third amended complaint; he shall not file any
7  attachments to his third amended complaint. He is also instructed to file the third amended
8  complaint without an attached motion to amend.
9      As Plaintiff may remove claims or Defendants in the third amended complaint, the
10 Clerk is directed to re-note the Motion for Judgment on the Pleadings for December 2, 2016.
11 Defendants' supplemental reply is due on or before December 2, 2016. Plaintiff will not be
12 given additional time to file the third amended complaint absent a showing of good cause. If
13 Plaintiff does not file a third amended complaint by November 25, 2016, the Court will
14 proceed with the Motion to Amend (Dkt. 79) and have it re-docketed as the Third Amended
15 Complaint.
16     Dated this 2nd day of November, 2016.

                              David W. Christel
                              United States Magistrate Judge