UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C. HAYES,

           Plaintiff,

v.

STATE OF WASHINGTON, et al.

           Defendants.

CASE NO. C16-5095 BHS-DWC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 83), and Plaintiff's objections to the R&R (Dkt. 90). Also before the Court is Plaintiff's motion requesting oral argument (Dkt. 88) on Defendants' motion for judgment on the pleadings (Dkt. 61) and the motion for preliminary injunction (Dkt. 64) that was denied in the R&R.

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"), alleges his Eighth Amendment rights to adequate medical care were violated when he did not receive proper care for his chronic wounds. See Dkt. 32.

On September 2, 2016, Plaintiff filed his motion for preliminary injunction. Dkt. 64. In his motion, Plaintiff requested that the Court order Defendants to send him to: (1) a

ORDER - 1

wound care specialist; (2) vascular surgeon Dr. David Deitz; and (3) Gray's Harbor County Hospital's wound care clinic. *Id.* Plaintiff also requested that the Court order Defendant Sara Smith to test Plaintiff for infection and treat Plaintiff with non-narcotic pain medicine. *Id.* On September 23, 2016, Defendants responded. Dkt. 74. Plaintiff did not reply.

On October 24, 2016, Judge Christel entered his R&R recommending the Court deny Plaintiff's motion for preliminary injunction. Dkt. 83. On October 27, 2016, Plaintiff moved for oral argument on (1) his motion for preliminary injunction and (2) Defendants' motion for judgment on the pleadings. Dkt. 88. On October 31, 2016, Plaintiff filed objections to the R&R. Dkt. 90.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In his objections, Plaintiff restates the alleged harms he is suffering as a result of not receiving the specific medical care that he requested in his motion for preliminary injunction. Dkt. 88. However, as Judge Christel observed, "[t]he evidence . . . shows Plaintiff is receiving treatment for his chronic wounds, including being treated by SCCC medical staff, being sent to community treatment providers, and receiving pain medication and antibiotics." Dkt. 83 at 4–5.

> "[A] mere difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). Rather, to prevail on a claim involving choices between

alternative courses of treatment, a prisoner must show that the chosen course of treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Id.*

*Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

As found by Judge Christel, the evidence shows that Plaintiff is receiving adequate medical care for his wounds. Plaintiff's apparent discomfort and dissatisfaction with the treatment he is receiving, while regrettable, does not suggest an Eighth Amendment violation of deliberate indifference to Plaintiff's serious medical needs. Accordingly, the Court must deny Plaintiff's objections because it cannot find that Plaintiff is likely to succeed on the merits of his claim, nor that Plaintiff will suffer irreparable harm absent a preliminary injunction.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R (Dkt. 83) is **ADOPTED**;

(2) Plaintiff's objections (Dkt. 90) are **DENIED**;

(3) Plaintiff's request for oral argument (Dkt. 88) is **DENIED**. To the extent it may be required in any future motions, the Court may schedule oral argument pursuant to Local Rules W.D. Wash. LCR 7(b)(4).

Dated this 1st day of December, 2016.

BENJAMIN H. SETTLE
United States District Judge