UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD C. HAYES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　　　Defendants. | CASE NO. C16-5095BHS-DWC<br><br>ORDER ADOPTING IN PART AND DECLINING IN PART REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 111), and Plaintiff Donald C. Hayes' ("Hayes") objections to the R&R (Dkt. 115). Also before the Court are Hayes' motions to extend the deadline for his objections (Dkt. 114) and to file additional documents in support of his claim (Dkt. 120).

**I. BACKGROUND AND PROCEDURAL HISTORY**

On February 8, 2016, Hayes filed a prisoner civil rights complaint, raising claims under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 ("§ 1983") for Fourteenth and Eighth Amendment violations. Dkt. 1.

ORDER - 1

On March 23, 2016, Judge Christel issued a show cause order. Dkt. 13. The show cause order explained how Hayes' complaint clearly failed to allege sufficient facts to support a claim under § 1983 for violations of the Eighth Amendment against Defendants Edwards, Warner, and Smith. *Id.* The order then continued to explain how Hayes' claims were also clearly deficient to the extent that they were based on the supervisory capacity of Defendants Uttecht, Warner, Frakes, and Pacholke. *Id.* Additionally, the order explained that Washington State Department of Corrections (the "DOC") was clearly protected by sovereign immunity. *Id.* Judge Christel then gave Hayes instructions on how to properly address these deficiencies and file an amended complaint. *Id.*

On April 15, 2016, Hayes filed an amended complaint. Dkt. 15. On May 2, 2016, Hayes filed a motion that Judge Christel construed as a motion for leave to file a second amended complaint. Dkts. 16, 22. On May 26, 2016, Judge Christel granted leave to amend no later than June 27, 2016 and offered Hayes further instructions on properly amending his complaint. Dkt. 22. On June 1, 2016, Hayes again moved for leave to amend in order to add defendant Tuan Duong as a party. Dkt. 23. Judge Christel again granted leave to amend, resetting the deadline for the second amended complaint to July 14, 2016. Dkt. 30.

On June 20, 2016, Hayes filed his second amended complaint. Dkt. 32. On July 7, 2016, Defendants DOC, Hammond, Morgan, Reyes and Smith answered. Dkt. 37. Defendants Frakes, Pacholke, Suiter, Uttecht, Duong, and Warner subsequently answered. Dkts. 66, 73, 85.

On September 1, 2016, Defendants DOC, Frakes, Hammond, Morgan, Pacholke, Reyes, Smith, Suiter, and Uttecht (collectively "Defendants") moved for judgment on the pleadings. Dkt. 62. On September 2, 2016, Hayes again moved to amend his complaint. Dkt. 63. On September 19, 2016, Hayes responded to the motion for judgment on the pleadings. Dkts. 70, 71. On September 28, 2016, Judge Christel granted leave to file a third amended complaint. Dkt. 77.

On October 13, 2016, Hayes again moved to amend. Dkt. 79. On October 18, 2016, the Defendants filed a reply to their motion for judgment on the pleadings. Dkt. 80. On November 2, 2016, Judge Christel granted Hayes leave to file his third amended complaint no later than November 25, 2016, and re-noted Defendants' motion for judgment on the pleadings for December 2, 2016. Dkt. 93. Judge Christel also granted Defendants leave to supplement their reply on the motion for judgment on the pleadings after the filing of any amended complaint. Dkt. 93.

On November 18, 2016, Hayes filed his third amended complaint. Dkt. 99. On December 1, 2016, Defendants DOC, Frakes, Hammond, Morgan, Pacholke, Reyes, Smith, Suiter, Uttecht, and Warner answered. Dkt. 102. On December 2, 2016, these Defendants supplemented their reply on the motion for judgment on the pleadings. Dkt. 104. On December 9, 2016, Hayes moved for leave to file a surreply. Dkts. 105, 106.

On January 4, 2017, Judge Christel denied Hayes' motion to file a surreply and issued the R&R on Defendants' motion for judgment on the pleadings. Dkts. 110, 111. In the R&R, Judge Christel recommends granting the motion and dismissing claims against Defendants Pacholke, Uttecht, Morgan, Hammond, Davis, Frakes, Reyes, Suiter, and the

DOC. Dkt. 111. The R&R recommends that the federal claims be dismissed without leave to amend. *Id.* The R&R also recommends that any informed consent claim that Hayes may have under state law be dismissed without prejudice. *Id.*

On January 17, 2016, Hayes objected to the R&R.[1] Dkt. 115. On January 23, 2017, Defendants responded.[2] Dkt. 118.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Hayes objects to the R&R on three grounds. First, he objects to the dismissal of his ADA claim. *See* Dkt. 115 at 4–16. Second, Hayes requests that he not be held to the standard of a practiced attorney in his failure to follow Judge Christel's repeated instructions that his complaint consist of a short and plain statement of the alleged facts that would entitle him to relief. *Id.* at 16–18. Third, Hayes objects to the dismissal of his Eighth and Fourteenth Amendment § 1983 claims against Defendant Suiter. *Id.* at 19–23

---

[1] Hayes also requested leave to file an overlength brief. Dkt. 114. The Court **GRANTS** the motion (Dkt. 114).

[2] On January 25, 2017, Hayes also moved to submit a court order in a collateral action as additional evidence. Dkt. 120. Review of the document reveals that it is an order dismissing Hayes' 28 U.S.C. § 2254 habeas corpus petition (based on the same facts of this case) and refusing to convert the petition to a § 1983 claim. *Id.* This document is irrelevant to this proceeding, as it has no bearing on the questions presented in this action. Therefore, the Court **DENIES** the motion (Dkt. 120).

1  Fourth, Hayes objects to the dismissal of his Eighth Amendment § 1983 claim against
2  defendant Reyes. *Id.* at 23–24.

3       Hayes' argument regarding the dismissal of his ADA claims lacks merit. In his
4  objections, Hayes fails to address that his third amended complaint lacks the necessary
5  factual allegations to support a cognizable ADA claim. Specifically, his objections do not
6  indicate how his complaint can be construed to include factual allegations that support
7  findings that (1) his opiate addiction constitutes a disability within the meaning of the
8  ADA, or (2) an action by the DOC resulted in his exclusion from Washington's Drug
9  Offender Sentence Alternative program ("DOSA").

10      Hayes' arguments regarding the dismissal of his § 1983 claims against Defendants
11  Reyes and Suiter likewise lack merit. Simply put, Hayes' third amended complaint does
12  not describe facts that could support findings that (1) Suiter or Reyes were personally
13  involved in denying Hayes medical treatment, (2) any specific medical treatment was
14  denied to Hayes, or (3) Suiter failed to inform Hayes of all the available treatment options
15  available at Coyote Ridge Corrections Center ("CRCC").

16      However, Hayes' request that he not be held to the pleading standard of a
17  practiced attorney raises concerns that, once again, the Court should grant Hayes leave to
18  amend his complaint in order to cure its deficiencies. *Eldridge v. Block*, 832 F.2d 1132,
19  1135-36 (9th Cir. 1987) ("[A] pro se litigant bringing a civil rights suit must have an
20  opportunity to amend the complaint to overcome deficiencies unless it is clear that they
21  cannot be overcome by amendment."). The Court agrees with this argument as to Hayes'
22

1  § 1983 claims against Defendants Suiter and Reyes, as well as his ADA claim against the
2  DOC.
3       In reaching its conclusion that amendment to these claims is futile, the R&R relies
4  in large part upon the fact that Hayes has received multiple opportunities to amend his
5  complaint. *See* Dkt. 111 at 14–15. However, it appears that the only time that Hayes
6  received an explanation of any particular pleading deficiencies was in the show cause
7  order issued subsequent to his original complaint. *See* Dkt. 13. While that show cause
8  order explained how the complaint was deficient as to Hayes' claims against Defendants
9  Edwards, Warner, Smith, Uttecht, Warner, Frakes, and Pacholke, it did not address the
10 deficiencies that form the R&R's current basis for dismissal of Hayes' ADA claim or his
11 § 1983 claims against Defendants Reyes and Suiter. *Id.* The Court agrees with the R&R
12 that a review of Hayes' third amended complaint, and the remainder of the file, raises
13 strong doubts that an amendment will cure the present pleading deficiencies.
14 Nonetheless, it is not absolutely clear to the Court that amendment to the above
15 mentioned claims would be futile—especially under the liberal pleading standard applied
16 to the § 1983 claims of pro se inmates. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
17      Therefore, the Court having considered the R&R (Dkt. 111), Hayes's objections
18 (Dkt. 115), and the remaining record, it is hereby **ORDERED** that the R&R is
19 **ADOPTED in part** and **DECLINED in part** as follows:
20      1. Hayes' claims against Defendants Pacholke, Uttecht, Morgan, Hammond,
21         Davis, Frakes, Reyes, Suiter, and the DOC are **DISMISSED**;
22

2. Hayes is granted **LEAVE TO AMEND** his § 1983 claims against Defendants Suiter and Reyes as well as his ADA claim against the DOC. Any amended complaint must be filed in compliance with a deadline and any other instructions to be set forth by the Hon. David W. Christel.

3. The Court **REMANDS** this matter to the Hon. David W. Christel for further proceedings.

Dated this 23rd day of February, 2017.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7