UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C HAYES,

               Plaintiff,

   v.

STATE OF WASHINGTON,
DEPARTMENT OF CORRECTIONS,
et al.,

               Defendants.

CASE NO. 3:16-CV-05095-BHS-DWC

ORDER

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is an Order Adopting In Part and Declining In Part Report and Recommendation ("Order"), which requires Court action. Dkt. 133. Also before the Court are Plaintiff Donald C. Hayes's Motion to Request Appointed Counsel ("Motion for Counsel") and Motion to Request Immediate Ex-parte Communication via U.S. Mail ("Motion for Extension"). Dkt. 122, 129. After review of the relevant record, the Court orders Plaintiff to file an amended complaint by April 17, 2017, denies the Motion for Counsel (Dkt. 122) and denies the Motion for Extension (Dkt 129). The Clerk is directed to re-note the

pending Motion for Judgment on the Pleadings (Dkt. 124) and the Motion for Summary Judgment (Dkt. 127) to April 21, 2017.[1]

## I.   Background

Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP"), alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they denied him adequate medical care for his chronic wounds during his incarceration at Coyote Ridge Corrections Center ("CRCC") and Stafford Creek Corrections Center ("SCCC"). *See* Dkt. 99.[2] Plaintiff also alleges the DOC violated his rights under the Americans with Disabilities Act when it excluded him from an alternative sentencing program. *Id.*

## II.   Order on Report and Recommendation

On September 1, 2016, Defendants Richard Morgan, Steven Hammond, Elizabeth Suiter, Scott Frakes, Amy Reyes, Dan Pacholke, Jeffery Uttecht, and the Department of Corrections ("DOC") filed a Motion for Judgment on the Pleadings. Dkt. 61. The Motion was not filed on behalf of Defendants Tuan Duong, Bernard Warner, and Sara Smith, and these three Defendants remain in the case. The undersigned issued a Report and Recommendation recommending the Motion be granted and Defendants Morgan, Hammond, Suiter, Frakes, Reyes, Pacholke, Uttecht, and the DOC be dismissed based on Plaintiff's failure to state a claim. Dkt. 111. The undersigned recommended Plaintiff not be given leave to amend. *Id*. at pp. 14-15.

---

[1] Defendant Duong's Motion for Judgment on the Pleadings (Dkt. 124) and Defendant's Smith and Warner's Motion for Summary Judgment (Dkt. 127) are also pending in this action. However, this Order gives Plaintiff leave to file a fourth amended complaint on or before April 17, 2017. If Plaintiff files a fourth amended complaint, the pending dispositive motions will be moot. However, if Plaintiff does not file a fourth amended complaint, the Court will consider the dispositive motions. Therefore, the Motion for Judgment on the Pleadings and Motion for Summary Judgment are re-noted for April 21, 2017.

[2] Plaintiff filed a Motion to Amend on September 2, 2016. Dkt. 63. On September 28, 2016, the Court granted Plaintiff's September 2, 2016 Motion to Amend. Dkt. 77. Plaintiff filed the Third Amended Complaint on November 18, 2016. Dkt. 99. The operative pleading in this case is Plaintiff's Third Amended Complaint. Dkt. 99.

|   |   |
|---|---|
| 1 | The Honorable Benjamin H. Settle, the District Judge assigned to this case, adopted-in- |
| 2 | part and declined-in-part the Report and Recommendation. Dkt. 133. Judge Settle dismissed the |
| 3 | claims alleged against Defendants Morgan, Hammond, Suiter, Frakes, Reyes, Pacholke, Uttecht, |
| 4 | and the DOC, but granted Plaintiff leave to amend "his § 1983 claims against Defendants Suiter |
| 5 | and Reyes as well as his ADA claim against the DOC." *Id*. at pp. 6-7. |
| 6 | A.   Instruction to Plaintiff |
| 7 | Pursuant to the Order, Plaintiff is directed to file a fourth amended complaint on or before |
| 8 | April 17, 2017. Plaintiff shall present the fourth amended complaint on the form provided by the |
| 9 | Court. The fourth amended complaint must be legibly rewritten or retyped in its entirety, it |
| 10 | should contain the same case number, and it may not incorporate any part of any previous |
| 11 | complaint by reference. The fourth amended complaint will act as a complete replacement for |
| 12 | any previously filed complaint, and not as a supplement. Because the fourth amended complaint |
| 13 | will replace any previously filed complaint, Plaintiff must re-allege all claims against the |
| 14 | remaining Defendants (Defendants Suiter, Reyes, Duong, Smith, Warner, and the DOC) in the |
| 15 | fourth amended complaint. Plaintiff may not re-allege claims against the following individuals: |
| 16 | Dan Pacholke, Jeffrey Uttecht, Nurse Davis, Nurse Edwards, Richard Morgan, Scott Frakes, and |
| 17 | Dr. Hammond. |
| 18 | The Court notes the Third Amended Complaint suffers from deficiencies. Upon receipt of |
| 19 | the fourth amended complaint, the Court will screen the pleading and determine if Plaintiff has |
| 20 | cured the deficiencies identified in this order. Defendants shall not file a response to the fourth |
| 21 | amended complaint until so ordered by this Court. |

B. Notice of Deficiencies

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

1. *Eighth Amendment*

Plaintiff alleges Defendants Reyes, Suiter, Duong, Warner, and Smith acted with deliberate indifference to Plaintiff's serious medical needs. *See* Dkt. 99. Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of

1  chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for
2  medical treatment." *Id.* at 1059-1060.

3        If a plaintiff shows he suffered from a serious medical need, he must then show the
4  prison officials responded to the need with deliberate indifference. *See Farmer v. Brennan*, 511
5  U.S. 825, 834 (1970). Deliberate indifference to a prisoner's serious medical need requires "a
6  purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In
7  other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or
8  possible medical need." *Id*. A prison official, accordingly, will not be found deliberately
9  indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an
10 excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be
11 aware of facts from which the inference could be drawn that a substantial risk of serious harm
12 exists, and he must also draw the inference." *Id.*

13           a.    Defendant Reyes

14       Plaintiff alleges Defendant Reyes "interfered with imperative prescribed treatment orders
15 by refusing to allow my person to see medical services for a mandatory dressing change. This
16 delay, denial, and interference with prescribed treatment orders resulted in a six day delay of
17 needed medical care[.]" Dkt. 99, p. 10 (internal punctuation omitted). Plaintiff states Defendant
18 Reyes' actions caused his pain levels to magnify threefold. *Id*. at p. 15.

19       Plaintiff fails to provide any factual assertions to support his conclusory statements
20 regarding Defendant Reyes's actions. Plaintiff alleges only that Defendant Reyes "refused" to
21 allow Plaintiff to be seen by medical. He does not allege Defendant Reyes was on notice Plaintiff
22 had a serious medical need and needed to be seen by medical. He also does not explain how
23 Defendant Reyes' actions resulted in the denial of medical care. There are no factual allegations
24

contained in the Third Amended Complaint which show Defendant Reyes was aware Plaintiff was suffering from a serious medical need and acted with deliberate indifference to the need. Rather, Plaintiff simply provides a conclusory allegation that Defendant Reyes refused to allow Plaintiff to be seen by medical. *Id.* Therefore, the Court finds Plaintiff has not stated a claim of deliberate indifference against Defendant Reyes. *See Jones*, 733 F.2d at 649 (vague and mere conclusory allegations unsupported by facts are not sufficient to state § 1983 claims); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (sweeping conclusory allegations against an official are insufficient to state a claim for relief).

        b.      Defendant Suiter

Plaintiff contends Defendant Suiter was the primary physician tasked with delivering medical care to Plaintiff. Dkt. 99, p. 3. Plaintiff also contends Defendant Suiter "had a duty, under color of law, to ensure [Plaintiff's] medical privacy would be preserved as well as to ensure [Plaintiff] receive all training and medical items necessary for proper sanitized wound care." *Id*.

First, Plaintiff alleges Defendant Suiter was the primary physician responsible for delivering his medical care. Dkt. 99. He states Defendant Suiter failed to provide prescribed treatment. *Id*. at p. 5. Plaintiff, however, fails to explain what care Defendant Suiter failed to provide to Plaintiff or how her actions rose to deliberate indifference to Plaintiff's serious medical needs. *See id*. Further, Plaintiff does not allege Defendant Suiter "purposefully ignore[d] or fail[ed] to respond to [his] pain or possible medical need." *McGuckin*, 974 F.2d at 1060. He does not explain how Defendant Suiter was involved in the alleged denial of prescribed treatment or show how the treatment he received while housed at CRCC, including visits to the hospital, antibiotics, and pain medication, was different from the allegedly withheld prescribed treatment.

1    Plaintiff provided only conclusory allegations stating Defendant Suiter was responsible
2 for his medical care at CRCC and withheld prescribed treatment.  As conclusory allegations are
3 insufficient, Plaintiff has failed to state an Eighth Amendment claim against Defendant Suiter.
4    Second, Plaintiff contends Defendant Suiter is liable under § 1983 for violating Plaintiff's
5 right to privacy. *See* Dkt. 99, p. 4. Plaintiff alleges his right to privacy was violated when he had
6 to change his wound dressings ("bandages") in a bathroom shared with 45 other inmates. *Id*.
7 Plaintiff alleges he informed only Defendant Darin Davis, on April 5, 2012, he had to change his
8 bandages in front of other inmates. *Id*. He does not allege Defendant Suiter was aware Plaintiff
9 was changing his bandages in a shared bathroom. *Id*. As Plaintiff does not allege Defendant
10 Suiter personally participated in denying him an area to privately change his bandages, he has
11 failed to allege facts sufficient to show Defendant Suiter is liable under § 1983 for violating
12 Plaintiff's right to privacy.[3]

13    For the above stated reasons, the Court finds Plaintiff has failed to state an Eighth
14 Amendment claim of deliberate indifference to a serious medical need against Defendant Suiter.
15 Plaintiff has also failed to allege facts sufficient to show Defendant Suiter violated Plaintiff's
16 right to privacy.

---

[3] Because Plaintiff has not alleged Defendant Suiter personally participated in the alleged denial of his right to privacy, the Court need not determine if Plaintiff's allegation that he was required to change his bandages in a shared bathroom rises to a constitutional violation of his right to privacy. The Court notes, however, Plaintiff does not have a right to privacy in his cell. *See Jordan v. Garder*, 986 F.2d 1521, 1534 (9th Cir. 1993). Therefore, it is unlikely he has stated a claim for the violation of his privacy based on having to change his bandages in a shared bathroom in his cell area.
    The Court also notes the right to privacy claim is untimely. The statute of limitations for his privacy claim expired on April 5, 2015. *See* Dkt. 99 (aware of the alleged actions on April 5, 2012); *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981) (three year statute of limitations in Washington for § 1983 cases). Plaintiff did not initiate this lawsuit until February 8, 2016, approximately 10 months after the statute of limitations expired.

c. Defendant Duong

Plaintiff alleges Defendant Duong, who was a physician's assistant at SCCC, forgot to tell Plaintiff he had a potentially deadly infection. Dkt. 99, p. 12. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or [ ] may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988). However, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id*. Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id.* Here, Plaintiff provides factual allegations showing only that Defendant Duong was negligent in treating Plaintiff's alleged serious medical needs. *See* Dkt. 99, p. 12. Plaintiff states Defendant Duong "forgot" to tell Plaintiff about a new infection. *Id*. Plaintiff failed to allege facts showing Defendant Duong purposely ignored Plaintiff's medical needs. Accordingly, the Court finds Plaintiff has failed to state an Eighth Amendment claim against Defendant Duong.

d. Defendant Warner

Plaintiff contends he sent a letter to Defendant Warner explaining his medical care complaints in April-May of 2014 Dkt. 99, p. 14. Plaintiff does not allege Defendant Warner actually received Plaintiff's letter and had personal knowledge of Plaintiff's serious medical need, nor explain what actions Defendant Warner failed to take which rose to deliberate indifference. *Id.* Further, he states he had successful wound care after he sent the letter to Defendant Warner. *Id*. at p. 15. Therefore, Plaintiff has not alleged facts sufficient to show Defendant Warner acted with deliberate indifference to Plaintiff's serious medical needs.

1  Accordingly, the Court finds Plaintiff has not stated an Eighth Amendment claim against
2  Defendant Warner.

3    e.  Defendant Smith

4 In the Third Amended Complaint, Plaintiff asserts Defendant Smith, as a member of the
5  Care Review Committee, approved Plaintiff for wound care treatment. *See* Dkt. 99, p. 17.
6  However, she did not honor orders for Plaintiff to be returned to the doctors for wound care. *Id*.
7  He contends Defendant Smith is liable under the Eighth Amendment because she is a supervisor
8  and did not ensure Plaintiff received necessary medical care. *Id*. at pp. 18-20.

9 Plaintiff provides conclusory allegations attempting to connect Defendant Smith to his
10 alleged denial of medical treatment. He states Defendant Smith knew he needed medical care
11 because his medical file contained after-care instructions and he has filed grievances and medical
12 slips. Dkt. 99, p. 19. He, however, does not allege Defendant Smith received or read any of the
13 documents. Plaintiff does not explain what care Defendant Smith failed to provide Plaintiff or
14 how her actions rose to deliberate indifference to his serious medical needs. *See id*. Plaintiff
15 never states he spoke with Defendant Smith and he does not allege she examined his wounds or
16 acted as a treating provider. Further, Plaintiff does not allege Defendant Smith "purposefully
17 ignore[d] or fail[ed] to respond to [his] pain or possible medical need." *McGuckin*, 974 F.2d at
18 1060. Accordingly, the Court finds Plaintiff has provided only conclusory allegations regarding
19 his claim of deliberate indifference against Defendant Smith.

20    f.  Supervisory Liability

21 To the extent Plaintiff alleges Defendants Suiter, Smith, and Warner are liable because of
22 their supervisory positions, the claims fail. A § 1983 suit cannot be based on vicarious liability
23 alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of*
24

*Canton v. Harris*, 489 U.S. 378, 385-90 (1989). However, a plaintiff may state a supervisor liability claim against a supervisor for deliberate indifference "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). A supervisor is only liable for the constitutional violations of his or her subordinates if (1) the supervisor participated in or directed the violations; or (2) knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Plaintiff has provided conclusory allegations attempting to connect Defendants Suiter, Smith, and Warner to the alleged constitutional violations. *See* Dkt. 99. He has failed to allege facts showing these three Defendants participated in or directed subordinates to commit the alleged violations. Therefore, Plaintiff has not shown against Defendants Suiter, Smith, or Warner are liable under § 1983 because of their supervisory positions.

    2.  *Fourteenth Amendment*

Plaintiff contends Defendants Suiter and Smith violated the state of Washington's informed consent laws. Dkt. 99. Plaintiff alleges Defendant Suiter failed to provide Plaintiff with information about all available treatment plans in the prison and failed to provide prescribed treatment. *Id*. at pp. 3-5. He contends Defendant Smith did not ensure his consent prior to sharp instrument procedures being performed on Plaintiff. *Id*. at p. 19.

While Plaintiff states Defendants Suiter and Smith violated state law, in an abundance of caution, the Court interprets Plaintiff's Third Amended Complaint to allege a violation of Plaintiff's Fourteenth Amendment right to informed consent. The Fourteenth Amendment protects the right to be "free from unjustified intrusions into the body." *See Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) (describing Fourteenth Amendment right to informed consent) (*citing Riggins v. Nevada*, 504 U.S. 127, 134 (1992)). This includes the right "to refuse unwanted

medical treatment and to receive sufficient information to exercise these rights intelligently." *Id.* (*citing White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990)); *see also Rainwater v. Alarcon*, 268 Fed. Appx. 531, 534 (9th Cir. 2008) (*quoting Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006) ("[T]here exists a liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment."). "A prisoner's right to refuse treatment is useless without knowledge of the proposed treatment. Prisoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting." *White*, 897 F.2d at 113.

First, Plaintiff contends Defendant Suiter had a duty to inform him of necessary treatments available in the prison setting. Dkt. 99, p. 3. He alleges Defendant Suiter withheld prescribed treatment orders from non-party Dr. John Smith in violation of his right to informed consent. *Id.* at p. 5. Plaintiff's conclusory statements regarding informed consent do not show Defendant Suiter failed to inform Plaintiff of all available treatment options at CRCC. Further, Plaintiff does not allege what treatment was prescribed by non-party Dr. Smith and fails to allege those prescribed treatment options were available at CRCC. *Id.* Therefore, the Court finds Plaintiff has failed to allege facts sufficient to show Defendant Suiter violated his Fourteenth Amendment right to informed consent.

Second, Plaintiff alleges Defendant Smith failed to ensure Plaintiff consented to all of the sharp instrument procedures performed on him. Dkt. 99, p. 19. Plaintiff alleges he would not have consented to treatment had he known his treatment would be prolonged. *Id.* The allegations in the Third Amended Complaint show Plaintiff consented to the procedures, but treatment

following the procedures was delayed. As Plaintiff's factual assertions show he consented to the treatment, the Court finds Plaintiff has not alleged facts sufficient to show Defendant Smith violated to his Fourteenth Amendment right to informed consent.[4]

3. *Americans with Disabilities Act*

Plaintiff alleges the DOC excluded him from receiving the full benefit of the Drug Offender Sentence Alternative ("DOSA") program because of his addiction to opiates in violation of the Americans with Disabilities Act ("ADA"). Dkt. 99, pp. 6-7.[5] While not clearly articulated, Plaintiff alleges he was removed from the DOSA program because of his addiction to opiates. *Id*. at p. 7.

"To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); 42 U.S.C. § 12132.

Plaintiff alleges his disability is drug addiction. Dkt. 99, p. 6. "Drug addiction that substantially limits one or more major life activities is a recognized disability under the ADA."

---

[4] To the extent Plaintiff seeks to recover damages under state law, a claim for a violation of state law is not cognizable under § 1983. *See Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir.1990).

[5] While DOC is not liable under § 1983, the DOC is an entity capable of being sued under Title II of the ADA. *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

*Thompson,* 295 F.3d at 896. The ADA protects qualified individuals who: (1) have successfully completed a supervised drug rehabilitation program and are no longer using illegal drugs; (2) are participating in a supervised drug rehabilitation program and are no longer using illegal drugs; and (3) are erroneously regarded as using drugs when they are not. *Id.*; *see also Collings v. Longview Fibre Co.,* 63 F.3d 828, 831–32 (9th Cir.1995).

Here, Plaintiff provides only a conclusory allegation stating he was excluded from the DOSA program because of his addiction to opiates. Dkt. 99, pp. 6-8. Plaintiff fails to provide any additional information regarding the exclusion from the program or the DOC's involvement in excluding Plaintiff from the DOSA program. *Id*. As conclusory allegations are not sufficient to state a claim, Plaintiff has failed to state an ADA claim against the DOC. *See Iqbal*, 556 U.S. at 678 (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation").

Further, Plaintiff has failed to show he "is an individual with a disability" under the ADA as a result of his drug addiction. Plaintiff has not alleged he successfully completed or was participating in a drug rehabilitation program and was no longer using illegal drugs when the DOC allegedly excluded him from the DOSA program. Dkt. 99, pp. 7-8. He also does not allege he was erroneously regarded as using drugs when he was not. *See* Dkt. 9. As Plaintiff has failed to allege facts sufficient to show he meets the definition of "disabled" under the ADA, he has failed to state an ADA claim against the DOC. *See Tyson v. Oregon Anesthesiology Grp., P.C.*, 2008 WL 2371420, at *7 (D. Or. June 6, 2008) ("a plaintiff suffering from a substance addiction may not be entitled to a finding that the addiction is a *per se* disability").

For the above stated reasons, the Court finds Plaintiff has failed to state an ADA claim against the DOC.

C. Conclusion

Plaintiff is given leave to amend his Third Amended Complaint. The fourth amended complaint must be filed on or before April 17, 2017 and must cure the deficiencies of the Third Amended Complaint. The fourth amended complaint is limited to claims alleged against Defendant Reyes, Suiter, Duong, Warner, Smith, and the DOC.

As the fourth amended complaint will act as a complete replacement for the Third Amended Complaint, Defendant Duong's Motion for Judgment on the Pleadings and Defendants Smith and Warner's Motion for Summary Judgment will be mooted. *See e.g. Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint). However, if Plaintiff does not file a fourth amended complaint, the Court will proceed with the Third Amended Complaint and consider the pending dispositive motions. Therefore, the Clerk is directed to re-note the Motion for Judgment on the Pleadings (Dkt. 124) and the Motion for Summary Judgment (Dkt. 127) for April 21, 2017.

**III.    Motion for Counsel (Dkt. 122)**

On January 28, 2017, Plaintiff filed the Motion for Counsel, which is his third request for Court-appointed counsel. Dkt. 122.[6] No constitutional right to appointed counsel exists in a §1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)

---

[6] On March 9, 2016, Plaintiff filed a motion for appointment of counsel, which the Court denied without prejudice. *See* Dkt. 11, 12. Plaintiff filed a second motion requesting the appointment of counsel, which was denied without prejudice on September 1, 2016. *See* Dkt. 50, 59.

(formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion, Plaintiff states his imprisonment greatly limits his ability to litigate this case. Dkt. 122. He maintains he has limited access to the law library, the issues in his case are complex, and he is unable to clearly articulate facts sufficient to state all elements of his claims. *Id*.

Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of this case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff clearly articulated his claims in his Third Amended Complaint and various motions. *See* Dkt. 11, 50, 99, 129. Further, "Plaintiff's imprisonment, lack of access to the library, and lack of legal skills are not exceptional circumstances that warrant the appointment of counsel." *Lloyd v. Powell*, 2010 WL 724671, *1 (W.D. Wash. Mar. 1, 2010); *Perryman v. Duffy*, 2015 WL 4508742, *4 (E.D. Cal. July 24, 2015) ("limited law library access[] do[es] not establish exceptional circumstances"). Accordingly, Plaintiff's Motion for Counsel (Dkt. 122) is denied without prejudice.

### IV. Motion for Extension (Dkt. 129)

In the Motion for Extension, Plaintiff requests the Court (1) stay this case for one year; (2) consider his Motion for Counsel; and (3) extend the time to file a response to Defendants' Motion for Summary Judgment. Dkt. 129.

First, Plaintiff requests a stay of his case because there are cases pending in this Court against the DOC which relate to this case. Dkt. 129-1. Plaintiff fails to provide case names or case numbers to support his allegation. *Id*. Further, Plaintiff fails to show resolution of his case is dependent on the resolution of other cases pending against the DOC. Therefore, the Court finds Plaintiff has failed to show a stay of this case for one year is appropriate.

Second, Plaintiff asks the Court to consider his Motion for Counsel. Dkt. 129-1. The Court has considered Plaintiff's Motion for Counsel and determined Plaintiff has not shown Court-appointed counsel is appropriate at this time. *See* Section III, *supra*. Therefore, Plaintiff's request for the Court to consider his Motion for Counsel is moot.

Third, Plaintiff requests an extension of time, until mid-May 2017, to respond to the pending Motion for Summary Judgment. Dkt. 129-1. Plaintiff states he needs additional time because he is having trouble accessing legal materials, the e-filing system, and writing materials. *Id*. The Court has given Plaintiff leave to file a fourth amended complaint, which may moot the pending Motion for Summary Judgment. Additionally, Plaintiff has filed responses to the pending Motion for Summary Judgment and Motion for Judgment on the Pleadings. *See* Dkt. 134, 135. Therefore, he had access to writing materials and legal materials. *See* Dkt. 134 (30 page hand-written response with case citations). Further, he has been filing documents through the prisoner e-filing system. *See* Dkt. 134, 135; *see also* Dkt. 131, Hall Declaration, ¶ 7 (Plaintiff's counselor has been facilitating e-filing of Plaintiff's documents). While Plaintiff does

1  not have access to a full law library in his minimum security unit, the evidence shows he can
2  request a transfer to a facility with a full law library. *See* Dkt. 131, ¶¶ 4-5. The Court therefore
3  finds Plaintiff has not shown an extension of time to file a response to the Motion for Summary
4  Judgment is warranted.

5  For the above stated reasons, the Court finds Plaintiff has not shown it is appropriate to
6  stay this case for one year or grant an extension of time to file a response to Defendants' Motion
7  for Summary Judgment. Accordingly, the Motion for Extension (Dkt. 129) is denied.

8  **V.  Conclusion**

9  Plaintiff is given leave to amend and must file the fourth amended complaint on or before
10 April 17, 2017. Plaintiff's Motion for Counsel (Dkt. 122) and Motion for Extension (Dkt. 129)
11 are denied. The Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42
12 U.S.C. § 1983 civil rights complaint and for service and a copy of this Order. The Clerk is also
13 directed to re-note the Motion for Judgment on the Pleadings (Dkt. 124) and the Motion for
14 Summary Judgment (Dkt. 127) for April 21, 2017.

15 Dated this 16th day of March, 2017.

David W. Christel
United States Magistrate Judge