UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C HAYES,

        Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. 3:16-CV-05095-BHS-DWC

ORDER

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Donald C. Hayes, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on February 8, 2016. Dkt. 1. Presently pending before the Court are Defendants' Motion to Strike Letter/Affidavit from Record ("Motion to Strike"), and Plaintiff's Motion to Request Extension of Time for Discovery ("Motion for Extension") and "Supplemental Complaint (Proposed) (For Damages)" ("Motion to

Supplement"). Dkt. 152, 156, 170.[1] After review of the relevant record, the Motion to Strike (Dkt. 152) is granted, the Motion for Extension (Dkt. 156) is granted, and the Motion to Supplement (Dkt. 170) is denied.

### I. Motion to Strike (Dkt. 152)

Defendants filed the Motion to Strike on July 19, 2017, requesting the Court strike Plaintiff's letters (Dkt. 151) filed on June 27, 2017. Dkt. 152. Defendants move to strike the letters because the letters contain information which is contradicted by documentation in the facilities where he has been housed. *Id*. Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's letters contain complaints against individuals who are not named as defendants in this lawsuit. *See* Dkt. 151. In the letters, Plaintiff complains of actions taken by Nurse Polly and Nurse Henzel. *See id*. In the Fourth Amended Complaint, Plaintiff alleges claims against Defendants Department of Corrections ("DOC"), Elizabeth Suiter, Amy Reyes, Sara Smith, and Tuan Duong. *See* Dkt. 140. As the information in Plaintiff's letters is immaterial to this action, the Court grants Defendants' Motion to Strike (Dkt. 152).[2] If Plaintiff wishes to file a separate lawsuit alleging constitutional violations against Nurse Polly and Nurse Henzel, he may do so.

### II. Motion for Extension (Dkt. 156)

On July 28, 2017, Plaintiff filed a Motion for Extension, wherein he requested a 45-90 day extension to finalize discovery. Dkt. 156. Plaintiff states he was transferred to Coyote Ridge

---

[1] Also pending before the Court is Plaintiff's Motion to Compel and Answer Plaintiff's Interrogatories, which will be ready for the Court's consideration on September 15, 2017. Dkt. 183.
[2] Plaintiff also filed a Motion and Amended Motion to Strike Lori Wonders Declaration from Record. Dkt. 169, 173. On August 29, 2017, Plaintiff withdrew his requests to strike the declaration. *See* Dkt. 181, 189. As Plaintiff has withdrawn the Motion and Amended Motion, the Court declines to issue a ruling on these motions to strike.

Correctional Center ("CRCC") and did not have access to his legal materials until July 12, 2017. *Id*. It is unclear how long he was without access to his legal materials. *See id*. Defendants filed a Response stating they oppose an extension of time because Plaintiff had access to CRCC's law library prior to July 23, 2017, which is inconsistent with his Motion for Extension. Dkt. 162.

Pursuant to Federal Rule of Civil Procedure 6(b), the Court may extend a deadline for good cause. Here, Plaintiff contends he did not have access to his legal materials for a period of time while he was being transferred from Washington State Penitentiary to CRCC. *See* Dkt. 156. While Defendants have produced evidence showing Plaintiff had access to CRCC's law library prior to July 23, 2017, this does not overcome Plaintiff's assertion that he did not have access to his legal materials for a period of time after he was transferred to CRCC. Therefore, the Court finds Plaintiff has shown good cause for a discovery extension.

Accordingly, Plaintiff's Motion for Extension (Dkt. 156) is granted as follows:

- All discovery shall be completed by October 27, 2017.
- Any dispositive motion shall be filed and served on or before November 27, 2017.[3]

**III. Motion to Supplement (Dkt. 170)**

On August 15, 2017, Plaintiff filed a Motion to Supplement, wherein he requests permission to supplement his Fourth Amended Complaint by adding a retaliation claim against non-party Nurse Henzel. Dkt. 170. Defendants filed Responses to the Motion to Supplement requesting the Motion be denied because the supplemental pleading is unrelated to the claims alleged in the Fourth Amended Complaint. Dkt. 177, 178.

---

[3] The Court notes the Amended Pretrial Scheduling Order (Dkt. 149) is amended only as to the deadlines for the completion of discovery and for filing dispositive motions. All other portions of the Amended Pretrial Scheduling Order remain in full force and effect.

Rule 15(d) of the Federal Rules of Civil Procedure "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. County School Board of Prince Edward County,* 377 U.S. 218, 226–17 (1964). "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Keith v. Volpe,* 858 F.2d 467, 474 (9th Cir.1988). Rule 15(d) permits the filing of a supplemental pleading that introduces a cause of action not alleged in the complaint based on facts not in existence when the original complaint was filed. *Cabrera v. City of Huntington Park,* 159 F.3d 374, 382 (9th Cir.1998).

Leave to file a supplemental pleading will be denied, however, where the supplemental pleading asserts new and distinct claims unrelated to the original complaint and that should be the subject of a separate lawsuit. *See Planned Parenthood of So. Arizona v. Neely,* 130 F.3d 400, 402 (9th Cir.1997). A supplemental complaint would not promote judicial efficiency in such cases because the entire controversy between the parties may not be settled in a single action. *See id*.

Here, in the Fourth Amended Complaint, Plaintiff alleges Defendants Suiter, Reyes, Smith, and Duong were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when they denied him adequate medical care for his chronic wounds during his incarceration at CRCC and Stafford Creek Corrections Center ("SCCC"). *See* Dkt. 140. He also alleges the DOC violated his rights under the Americans with Disabilities Act when it excluded him from an alternative sentencing program. *Id*. In the Motion to Supplement, Plaintiff contends he filed grievances against non-party Nurse Henzel because she was not providing him bandage changes at the appropriate time. Dkt. 170. Because of his grievances,

Nurse Henzel allegedly took retaliatory actions against Plaintiff. *Id*. While the factual assertions in the Motion to Supplement reference Plaintiff's medical care, Plaintiff is alleging a retaliation claim against a non-party. Therefore, the allegations in the Motion to Supplement are unrelated to the claims alleged in the Fourth Amended Complaint.

As the claims in the Motion to Supplement are unrelated to the Fourth Amended Complaint, Plaintiff new claims must proceed in a separate lawsuit. Accordingly, Plaintiff's Motion to Supplement (Dkt. 170) is denied.

### IV. Conclusion

After review of the relevant record, the Court concludes Defendants' Motion to Strike (Dkt. 152) is granted, Plaintiff's Motion for Extension (Dkt. 156) is granted, and Plaintiff's Motion to Supplement (Dkt. 170) is denied.

The Clerk is directed to strike Plaintiff's letters filed June 27, 2017 (Dkt. 151). The Clerk is also directed to provide Plaintiff with the forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 12th day of September, 2017.

David W. Christel
United States Magistrate Judge