# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DONALD C HAYES,

    Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:16-CV-05095-BHS-DWC

ORDER DENYING MOTION TO STAY

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Donald C. Hayes's Motion to Stay Case Re: Defendant Duong. Dkt. 249.[1] After consideration of the Motion to Stay and the relevant record, the Court denies the Motion to Stay.

## I. Legal Standard

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)

---

[1] Also pending in this action are five motions for summary judgment, which are ready for the Court's consideration on December 15, 2017, and Plaintiff's Motion for Surreply, which is ready for the Court's consideration on December 29, 2017. *See* Dkt. 209, 211, 217, 232, 236, 262.

ORDER DENYING MOTION TO STAY - 1

(citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

**II. Analysis**

In the Motion, Plaintiff requests this matter be stayed as to Defendant Duong only pending the outcome of *Haldane v. Hammond*, Case No. 2:15-cv-1810-RAJ-MAT. Dkt. 249. Plaintiff contends *Haldane* relates to the Department of Correction's Care Review Committee ("CRC") and, because Defendant Duong attended CRC meetings, *Haldane* is related to this case. *Id*. Defendant Duong is not named as a defendant in *Haldane*. Further, simply because he attended CRC meetings does not show that any outcome in *Haldane* impacts this lawsuit. Plaintiff has not shown, nor does the Court find, a stay is appropriate in this case. Accordingly, the Motion to Stay (Dkt. 249) is denied.

Dated this 15th day of December, 2017.

David W. Christel
United States Magistrate Judge