UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD C. HAYES, | CASE NO. C16-5095 BHS-DWC |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, and Plaintiff's objections to the R&R. The R&R was filed on January 19, 2018, and Plaintiff filed his objections on February 1, 2018. Dkts. 269, 272. The factual and procedural background of this case are set forth in more detail in the R&R. Dkt. 269 at 2–3.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The R&R properly concludes that Plaintiff's claims against Defendant Suiter are barred by the statute of limitations. Even if they were not, the record shows that Suiter actually addressed Plaintiff's medical needs with adequate care to the extent she was made aware of them, and did not treat those needs with deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Furthermore, Plaintiff cannot sustain Fourteenth Amendment informed consent claims on the vague and general assertions that he consented to medical treatment from Suiter but not treatment that would be inadequate. Plaintiff's claims against Suiter are dismissed.

The R&R properly concludes that Plaintiff has failed to state a claim against Defendant Smith in regards to allegations that Smith (1) failed to provide him with treatment by a community specialist until a month after Plaintiff thought appropriate, (2) failed to schedule Plaintiff for a follow-up meeting with a community surgeon, (3) failed to provide consistent treatment, or (4) failed to adequately address Plaintiff's declaration of a medical emergency. Plaintiff makes numerous conclusory allegations in support of these claims but fails to allege facts suggesting personal participation by Smith in any denial of the type of medical attention for which Smith was responsible to provide Plaintiff. The R&R also properly concludes that Smith is entitled to summary judgment on Plaintiff's remaining claims for inadequate treatment of pain. The record demonstrates that Plaintiff regularly received medication and care for his complaints of pain and Plaintiff has failed to present evidence of any incident whereupon Smith was informed of his pain and failed to respond appropriately.

The R&R correctly determines that Defendant Reyes is entitled to summary judgment on Plaintiff's claims that Reyes wrongfully denied Plaintiff access to medical care on July 30, 2015. The record shows that Plaintiff received a bandage change on July 29, 2015, and refused another bandage change on July 31, 2015. Plaintiff was seen only three days later, on August 3, 2015, for a wound cleanse and additional bandage change. Plaintiff's medical records note that his wounds were closing well during this period. Accordingly, the record refutes Plaintiff's claims that Reyes denied him access to a necessary bandage change in deliberate indifference to a serious medical need during that timeframe.

The R&R correctly concludes that Defendant Duong is entitled to summary judgment. The record shows that Duong ordered a wound culture for Plaintiff on March 31, 2016. After Duong received the results of the culture on April 5, 2016, Duong ordered an antibiotic medication for Plaintiff that same day. Performing a physical examination of Plaintiff on April 25, 2016, Duong determined that Plaintiff was not suffering from a serious or life threatening condition, even though Plaintiff had not yet been provided the antibiotics Duong had prescribed. Accordingly, Plaintiff has failed to show any acts by Duong that prevented him from obtaining adequate medical care in deliberate indifference to a serious medical need.

The R&R correctly concludes that the Washington State Department of Corrections (DOC) is entitled to summary judgment on Plaintiff's claims under the Americans with Disabilities Act. Plaintiff alleges that because of his hospitalization for chronic wounds and the use of opiates during his treatment, as well as the DOC's refusal

to enroll him in rehabilitation programs after being released from prison, Plaintiff was precluded from participating in the Drug Offender Sentencing Alternative ("DOSA") program. Plaintiff's claim is that the DOC is responsible for this exclusion from the DOSA program because it failed to provide him with the treatment to overcome his drug addiction and maintain sobriety. But Plaintiff has failed to show that he was qualified to participate in DOSA. While it is unfortunate that Plaintiff's treatment for his chronic wounds contributed to his relapse and that the DOC was unable to accommodate his request for rehabilitation programs after his release, Plaintiff has failed to show that he was entitled to different treatment from the DOC for his chronic wounds. Further, he cannot blame his drug addiction that predated his incarceration or his post-release relapse on the DOC.

Plaintiff also generally argues that Judge Christel failed to properly screen Plaintiff's fourth amended complaint and should have addressed any shortcomings in the complaint during such screening rather than in response to a motion for summary judgment. *See* Dkt. 272 at 2–4, 6. This is not a proper objection to the R&R, as it does not raise any concerns over the R&R's conclusions that numerous claims raised by Plaintiff are not adequately pled or are disproven by the record. Plaintiff also assigns error to the R&R by claiming that it held Plaintiff to a heightened pleading standard. *See* Dkt. 272 at 2–4, 28–29. However, the R&R correctly determined that Plaintiff's claims need only contain sufficient factual detail as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). To the extent that the R&R recommends the dismissal of

certain claims on the basis that they were inadequately pled,[1] the R&R appropriately applied this standard and determined that the complaint failed to allege facts that would support all the necessary elements of the relative claims.

Finally, while Plaintiff complains that he was denied discovery, Plaintiff has failed to provide any evidence or substantive discussion to establish that the Defendants neglected any particular discovery obligations. Moreover, Plaintiff has failed to show how the unspecified evidence he seeks would enable him to withstand Defendants' summary judgment motions if the Court were to grant a continuance pursuant to Fed. R. Civ. P. 56(d).

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This action is **DISMISSED**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 28th day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge

---

[1] It should be noted that with the exception of certain claims against Smith, in the instances when the R&R recommends the dismissal of claims for inadequate pleading it alternatively recommends the entry of summary judgment in favor of Defendants based on the record.